The opinion of the Court was delivered by
O’Neall, J.
On recurring to the Act of 1826, section 27, (9 Stat. 570,) it is plain, that before the Court may be called on by the Commissioners of the Roads for the enforcement of fines incurred for neglect of road duty exceeding twenty dollars, there must be, by the action of the board, an ascertainment of the amount of the fines incurred. For it provides that “ when default shall be made, in the performance of any road duty,” it shall be the duty of the Commissioner who superintends said division, “ to call to his assistance any two Commissioners of the board of which he is a member, and to summon, by two days notice, the person in default, and the said Commissioners or any two of them are authorized to hear, try and determine the same,” and to award execution for any default, fine or penalty, when *279 the same shall not exceed $20. It will be remarked here that this clause does not abridge the power of the Commissioners to hear and determine, but their right to issue execution. Under the 12th section of the Act of 1825, they had the power of making an assessment on the defaulter for neglect of road duty. In Jenkins vs. The Commissioners of Roads, (Cheves, 109,) my late brother Earle took this view, for he held that the Commis-. sioners could not issue an execution on an assessment for neglect of duty beyond $20 ; yet he remarks, “ I suppose they were left without the power to enforce their decision unless by bringing their action, in order to enable the defaulter to submit his case to a jury, on the trial of which, 1 apprehend, the assessment made by the Commissioners, would not be gainsaid or controverted.” This decision gave rise to the Act of 1841, (11 Stat. 160,) by the 22d section of which the action to which the Judge alluded, was given. It provided “ that all sums of money over and above $20, which shall be due any board of Commissioners of Roads of this State, by any person or persons whatsoever, for neglect to make return of hands, or to send hands on the roads, or for any other causes, shall be recovered by action of debt in any Court of competent jurisdiction.” Reading this provision in connection with the old law, (27th sec. of the Act of 1826, and the case of Jenkins vs. The Commissioners of Roads, decided here, February term, 1840,) it seems to be so plain as hardly to require further remark, that the Act was intended as the means of enforcing the judgment of the Commissioners.— But looking to its own terms, the same conclusion must be attained. For until the Commissioners ascertain the default and impose the fines, or make the assessment therefor, how can it be said that any sum is “ due ?” It may be that the defaulter’s excuse is ample, and will discharge to their entire satisfaction the apparent liability. It would be frivolous in the extreme to bring suit in such a case; but unless they have the power to hear and determine upon the default, they must bring suit. So, too, it would be monstrous to ask the Court of Law to hear the party’s excuse for failing to work the roads ; yet if the Commis *280 sioners are not required to pass upon the default before suit, the Court must hear this matter as well as every other matter in pais. In the State ex rel. Price vs. Commissioners of Roads, (3 Hill, 314,) it was held that the decision of the Commissioners of Roads, on a matter of excuse, where they had jurisdiction, was final and conclusive. It would seem therefore to follow, that as there is not, in the law, any abridgement of jurisdiction of the Commissioners over road defaults, and that they are alone restrained from issuing execution when the fines may exceed $20, they must necessarily decide that the default has been made, and that the fines have been incurred. They must thus be imposed or assessed before action is brought. That was the course pursued in the case of the Lower Board of Commissioners of Roads for St. Peter’s Parish vs. Guerard and McPherson, (1 Sp. 215, 218.) In the Commissioners of Roads vs. Murray, (1 Rich. 335,) Judge Evans, speaking of this very matter, said “ there are many reasons why there should be some action of the board prior to any suit for the default.”
I am, therefore, entirely satisfied with the decision below.— The motion to set aside the nonsuit is dismissed.
Evans, Wardlaw, Frost, Withers and Whitner, JJ. concurred.

Motion dismissed.